# Exhibit A

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Mon, Jul 8, 2024
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | SAMSUNG ELECTRONICS AMERICA, INC. |
| Case Number | 24DCCV00797 |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
| | | |

CLERK OF THE COURT:
Delia Sellers, District Clerk
Liberty County, Texas
1923 Sam Houston, Room 115
Liberty, Texas 77575

ATTORNEY FOR PLAINTIFF(S):
Matthew R. Chaney
7660 Woodway, Suite 465
Houston, TX. 77063

NOTICE TO DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF 20 DAYS AFTER THE DATE OF SERVICE OF THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK, FIND OUT MORE AT TEXASLAWHELP.ORG."

THE STATE OF TEXAS

TO: **Samsung Electronics America, INC. by and through its registered agent CT Corporation System,** Defendant, Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 253rd District Court of Liberty County, Texas at the Courthouse of said County in Liberty, Texas.

Said Plaintiff's Original Petition was filed in said court on the on this the 24th day of June, 2024, in this cause, Numbered **24DC-CV-00797** on the docket of said court, and styled: STATE FARM LLOYDS AS SUBROGEE OF EDUARDO GARCIA VS. SAMSUNG ELECTRONICS AMERICA, INC..

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition, accompanying this citation and made a part hereof.

The Officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Liberty, Texas, this the on this the 24th day of June, 2024.

Attest: Delia Sellers, Clerk, District Court
DELIA SELLERS, District Clerk
Liberty County, Texas

By: Jamey Brooks, Deputy
Jamey Brooks

Rule 106 " the citation shall be served by the officer delivering to each Respondent, in person, a true copy of this citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto.

## SHERIFF'S RETURN

Came to hand on ______ day of __________________, 20____, at ____:____ o'clock __. M., and executed in _______________ County, Texas by delivering to each of the within-named ____________________, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Original Petition, at the following times and places, to wit:

| Name | Date | | | Time | | | Place, and Course and Distance From Courthouse |
|---|---|---|---|---|---|---|---|
| | Month | Day | Year | Hour | Min. | ...M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the Respondent, ____________________________ the diligence used in finding said Respondent, being: ____________________________________________________________ and the cause of failure to execute this process is: ____________________________________________________________ and the information received as to the whereabouts of the said Respondent, being: _________________________.

FEES — Serving ___________ Copy ________ $ ______.____
Total $_____.___

_________________________ Sheriff / Constable, Precinct # _____
_________________________ County, Texas

By: ___________________________, Deputy

## CERTIFICATE OF DELIVERY

I, do hereby certify that I delivered to ________________________, Respondent on the ______ day ____________________, 20____, at ____:____ o'clock __.M. a copy of this instrument.

_________________________ Sheriff / Constable, Precinct # _____
_________________________ County, Texas

By: ___________________________, Deputy

CLERK OF THE COURT:
Delia Sellers, District Clerk
Liberty County, Texas
1923 Sam Houston, Room 115
Liberty, Texas 77575

ATTORNEY FOR PLAINTIFF(S):
Matthew R. Chaney
7660 Woodway, Suite 465
Houston, TX. 77063

NOTICE TO DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF 20 DAYS AFTER THE DATE OF SERVICE OF THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK, FIND OUT MORE AT TEXASLAWHELP.ORG."

THE STATE OF TEXAS

TO: **Samsung Electronics America, INC. by and through its registered agent CT Corporation System,** Defendant, Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 253rd District Court of Liberty County, Texas at the Courthouse of said County in Liberty, Texas.

Said Plaintiff's Original Petition was filed in said court on the on this the 24th day of June, 2024, in this cause, Numbered **24DC-CV-00797** on the docket of said court, and styled: STATE FARM LLOYDS AS SUBROGEE OF EDUARDO GARCIA VS. SAMSUNG ELECTRONICS AMERICA, INC..

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition, accompanying this citation and made a part hereof.

The Officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Liberty, Texas, this the on this the 24th day of June, 2024.

Attest: Delia Sellers, Clerk, District Court
DELIA SELLERS, District Clerk
Liberty County, Texas

By: Jamey Brooks, Deputy
Jamey Brooks

Rule 106 – the citation shall be served by the officer delivering to each Respondent, in person, a true copy of this citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto.

## SHERIFF'S RETURN

Came to hand on ______ day of ________________, 20____, at ____:____ o'clock __. M., and executed in ______________ County, Texas by delivering to each of the within-named ________________________, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Original Petition, at the following times and places, to wit:

| Name | Date | | | Time | | | Place, and Course and Distance From Courthouse |
|---|---|---|---|---|---|---|---|
| | Month | Day | Year | Hour | Min. | ...M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the Respondent, ___________________________ the diligence used in finding said Respondent, being: __________________________________________________________ and the cause of failure to execute this process is: ____________________________________________________ and the information received as to the whereabouts of the said Respondent, being: _________________________.

FEES — Serving ___________ Copy ________ $ ______.____
Total $_____.___

________________________ Sheriff / Constable, Precinct # _____
________________________ County, Texas

By: __________________________, Deputy

## CERTIFICATE OF DELIVERY

I, do hereby certify that I delivered to ________________________, Respondent on the ______ day ___________________, 20____, at ____:____ o'clock __.M. a copy of this instrument.

________________________ Sheriff / Constable, Precinct # _____
________________________ County, Texas

By: __________________________, Deputy

FILED
6/24/2024 3:10 PM
Delia Sellers
District Clerk
Liberty County, TX
Jamey Brooks

CAUSE NO. 24DC-CV-00797

| | | |
|---|---|---|
| STATE FARM LLOYDS<br>AS SUBROGEE OF EDUARDO GARCIA | §<br>§<br>§ | IN THE DISTRICT COURT<br>Liberty County - 253rd District Court |
| v. | §<br>§ | ______ JUDICIAL DISTRICT |
| SAMSUNG ELECTRONICS AMERICA, INC. | § | LIBERTY COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

STATE FARM LLOYDS AS SUBROGEE OF EDUARDO GARCIA, Plaintiff herein, files Plaintiff's Original Petition complaining of Defendant, SAMSUNG ELECTRONICS AMERICA, INC., and for cause of action, Plaintiff shows:

I.

Plaintiff intends that discovery be conducted under Level 1 discovery plan and the expedited actions process pursuant to Rule 169 and 190.2 of the Texas Rules of Civil Procedure. Plaintiff affirmatively pleads that Plaintiff seeks only monetary relief aggregating $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs.

II.

Plaintiff, STATE FARM LLOYDS AS SUBROGEE OF EDUARDO GARCIA, is an association of underwriters authorized to do business as a "Lloyds Plan" insurer in Texas.

Defendant, SAMSUNG ELECTRONICS AMERICA, INC., is a New York company doing business in Texas, and can be served by and through its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201, or wherever Defendant may be found.

III.

Defendant is sued under Tex. R. Civ. P. 28 in its corporate, assumed or common name.

IV.

Defendant was at the time of this occurrence, and is now engaged in the business of designing, manufacturing, distributing, and selling Samsung brand washing machines and their component parts, for sale to and for use by members of the general public.

V.

On or about July 23, 2022, a fire occurred at the Garcia property located at 788 CR 6022, Dayton, Texas 77535. The loss occurred when the control panel or associated wires on the Samsung washing

machine, designed, manufactured, distributed, and sold by Defendant failed and ignited a fire at the Garcia property. The fire event caused damage to the structure and property.

VI.

Plaintiff alleges that the product in question, a Samsung washing machine, was defective and unsafe for its intended purposes at the time it left the control of Defendant and at the time it was sold. The product was defectively designed and unreasonably dangerous to Plaintiff, and Plaintiff's insured, in that the defective design caused the washing machine control panel or associated wires to fail and ignite a fire. Therefore, Plaintiff invokes the doctrine of strict liability in Section 402A, Restatement of the Law of Torts, 2nd, and as adopted by the Supreme Court of Texas. Further, in this connection, Plaintiff alleges that the defect in design was a producing cause of the damages set forth below.

VII.

Further, and in the alternative, the product was defectively manufactured and unreasonably dangerous to Plaintiff in that a manufacturing defect caused the washing machine control panel or associated wires to fail and ignite a fire. Therefore, Plaintiff invokes the doctrine of strict liability in Section 402A, Restatement of the Law of Torts, 2nd, and as adopted by the Supreme Court of Texas. Further, in this connection, Plaintiff alleges that the manufacturing defect was a producing cause of the damages set forth below.

VIII.

In the alternative, and in the event the manufacturer is not subject to the jurisdiction of this Court and Defendant, SAMSUNG ELECTRONICS AMERICA, INC., is a designer, distributor, importer, or seller of the product in question, Plaintiff asserts, pursuant to Ch. 82 of the CPRC, that Defendant, SAMSUNG ELECTRONICS AMERICA, INC., be held liable for Plaintiff's damages.

IX.

Plaintiff alleges that Defendant was negligent in designing, manufacturing, and/or marketing the Samsung washing machine in the following respects:

1) The Defendant manufacturer/designer was negligent in failing to design the washing machine so that it would withstand normal use and so the control panel and associated wires would not fail, arc, and ignite a fire;

2) The Defendant manufacturer was negligent in failing to manufacture the washing machine

so that it would withstand normal use and so the control panel and associated wires would not fail, arc, and ignite a fire;

3) The Defendant manufacturer/distributor/importer/seller was negligent in failing to provide adequate warnings or sufficient notice to Plaintiff's insured that the washing machine would fail and cause a fire; and

4) The washing machine was defective with respect to the design, materials, and/or inability to withstand normal use.

Each and all of the foregoing acts and omissions, taken singly or in combination, were a proximate cause of the Plaintiff's damages as set forth below.

X.

In the alternative, and in the event Plaintiff cannot more specifically identify the acts of negligent manufacture or design on the part of Defendant for the reason that facts in that regard are peculiarly within the knowledge of that Defendant, and, in the alternative, in the event Plaintiff is unable to prove specific acts of negligent design and/or manufacture, Plaintiff relies on the doctrine of res ipsa loquitur. In this connection, Plaintiff will show that the design and/or manufacture of the Samsung washing machine was within the exclusive control of Defendant. Plaintiff's insured had no means of ascertaining the method or manner in which the product was designed or manufactured, and it came into Plaintiff's insured's possession in the same condition it was in when it left the control of Defendant. The occurrence causing harm to Plaintiff, as described herein, was one which, in the ordinary course of events, would not have occurred without negligence on the part of Defendant. Therefore, Defendant were negligent in the design and/or manufacture of the Samsung washing machine, which negligence was a proximate cause of the damages sustained by Plaintiff.

XI.

As a proximate and producing result of Defendant's negligence, the Garcia property sustained damage. After receiving due proofs of loss, the insurance company for Eduardo Garcia, STATE FARM LLOYDS, paid for damages sustained by its insured as a result of the incident. STATE FARM LLOYDS is exercising its rights to contractual and equitable subrogation by filing this lawsuit against Defendant. Therefore, Plaintiff's damages total $105,348.53, an amount which is in excess of the minimum jurisdictional limits of the Court and includes the insured's deductible of $5,590.00.

XII.

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial Plaintiff have:

1) Judgment against Defendant for a sum in excess of the minimum jurisdictional limits of the Court;

2) Pre-judgment interest at the highest interest rate allowable by law from the date suit was filed, until judgment;

3) Post-judgment interest at the highest interest rate allowable by law;

4) Costs of suit; and

5) Such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

THE GARNER LAW FIRM

By: /s/ MATTHEW R. CHANEY

STEPHEN E. GARNER
TBA #07677450
E-MAIL: sgarner@texassubro.com
MATTHEW R. CHANEY
TBA #24012411
E-MAIL: mchaney@texassubro.com
7660 Woodway, Suite 250
Houston, Texas 77063
(713) 952-0122
(713) 952-1660 FAX

ATTORNEYS FOR PLAINTIFF

**COURTESY NOTICE TO DEFENDANT:**

**IF YOU HAD INSURANCE AT THE TIME OF THE ACCIDENT, PLEASE TURN THIS DOCUMENT OVER TO YOUR INSURANCE COMPANY.**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Trina Vu on behalf of Matthew Chaney
Bar No. 24012411
tvu@texassubro.com
Envelope ID: 89126504
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 6/24/2024 4:19 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Matthew R.Chaney | | mchaney@texassubro.com | 6/24/2024 3:10:42 PM | SENT |
| Stephen E.Garner | | sgarner@texassubro.com | 6/24/2024 3:10:42 PM | SENT |